```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

HEARTLAND WOOD PRODUCTS, INC.,  )
                                )
            Plaintiff,          )
                                )
    v.                          )
                                )
TACONY CORPORATION,             )
                                )    No.  12 C 1515
    Defendant/Third-Party       )
    Plaintiff,                  )
                                )
    v.                          )
                                )
JOHN SMITH, individually,       )
                                )
    Third-Party Defendant.      )

## MEMORANDUM ORDER

Third Party Defendant John Smith ("Smith") has filed his Answer to the Third Party Complaint brought against him by defendant Tacony Corporation ("Tacony"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

To begin with, Answer ¶1 denies that the amount in controversy exceeds $75,000. But the Complaint against Tacony that gives rise to its claim over against Smith asserts in its Count I that over $312,000 is at issue. Under the circumstances, Smith must supplement his Answer with something substantive--not just limited to the present conclusory denial.

That is equally true as to Smith's denial that this judicial district is a proper situs for venue purposes (Answer ¶5). Smith's Answer ¶4 admits that he resides in this district and was

president of a now-dissolved corporation that assertedly engaged in the conduct on which the Third Party Complaint is based.

Finally, Answer ¶¶7 and 11 do not conform to the standard clearly set out in Fed. R. Civ. P. 8(b)(5) for a disclaimer--see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Those paragraphs also need correction.

Accordingly Smith's counsel is sent back to the drawing board to file an amendment to his Answer in the respects identified in this memorandum order. That amendment must be filed on or before July 20, 2012, failing which the corresponding allegations of the Third Party Complaint will be deemed to have been admitted.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 10, 2012